CARMEN D. VÉLEZ REILOVA, Plaintiff and Appellee, *v.* RAMÍREZ PALMER BROS., INC., Defendant and Appellant.

No. CE-66-7.      Decided March 3, 1967.

*Héctor M. Laffitte* for appellant. *Manuel Janer Mendía, Rafael A. Marzán Robles,* and *Alberto Pagán Pagán* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Rigau.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Carmen D. Vélez Reilova filed a complaint in the District Court, San Juan Part, against Ramírez Palmer Bros., Inc., claiming compensation for unjustified discharge. She alleged that defendant was engaged in a lucrative business in the operation of which it had contracted her services for an indeterminate period and that on July 27, 1962 she was discharged from her job without any just cause, defendant refusing to pay the corresponding compensation for unjustified discharge.

Defendant denied having discharged plaintiff from her employment and as defense it alleged that as a result of a reorganization of its business plaintiff was transferred from her work as beauty-culture technician to the position of a cosmetic saleswoman for beauty parlors, which position she refused to accept.

The District Court sustained the complaint after making the following findings of fact:

"On July 27, 1962 defendant Ramírez Palmer Bros., Inc., was engaged in a lucrative business in the operation of which it utilized the services of plaintiff Carmen D. Vélez Reilova.

"Plaintiff started to work for defendant in the year 1955, as a cosmetic saleswoman. In 1958, she was sent to the United States to take an advance course in hair dyes, obtaining the degree of instructor in that field.

."On returning from the United States, plaintiff took the position of beauty-culture instructor, which she discharged efficiently until July 27, 1962, receiving a salary of $100 a week. On said date defendant offered her the position of cosmetic saleswoman with a weekly salary of $50, $100 monthly for automobile expenses, assigning to her a minimum sales quota of $2,000 monthly. She was also offered a 2% commission on the monthly sales in excess of $2,000 and 1% on the collections of money made by her.

"Plaintiff was willing to go back to the position of saleswoman if she were paid $100 weekly, that is, the salary she was receiving as beauty-culture instructor and which was within her ability and preparation. Then defendant substituted plaintiff with new employees who performed the same work that she used to perform.

"Although plaintiff was not expressly discharged, the fact that she was offered an inferior position in category, salary, working conditions, and the fact of substituting her by new employees, was a constructive discharge."

In affirming the judgment the Superior Court stated:

". . . There is no doubt that labor legislation in its approach as a unit of a body of laws tends to protect and favor the worker. The indemnity for unjustified discharge is but a link of the chain. It is created to protect the worker to continue in *his employment* and not to be arbitrarily discharged and *substituted* by another worker, provided the employer continues his activities and *needs the services* of the worker. See *P.R. Cap & Tire Sales* v. *District Court*, 68 P.R.R. 370. Plaintiff was a beauty-culture instructor after having taken training to that effect. Employer admitted she was efficient in the performance of that work. A so-called reorganization cannot possibly set her back to her former position in the enterprise, with a basic salary of 50% of the salary she used to receive, fill her former position with another employee and then say there is not an implied discharge. Up to what point may an employee be set back without it being equivalent to a discharge? It will probably have to be decided, as well as what constitutes just cause, in each particular case according to the circumstances or the facts of each case, *cf.* *Mercedes Bus Line, Inc.* v. *District Court*, 70 P.R.R. 656; *Blanes*

v. *District Court,* 69 P.R.R. 106; but we believe that the weighing of the appellate judge was correct."

The law invoked by plaintiff provides: "Every employee of a commercial establishment or industry or other lucrative business, whose services are contracted for without a definite term, who is discharged without just cause, shall be entitled to receive from his employer, in addition to such salary as he may have earned, an indemnity representing one month's salary." Act No. 50 of April 20, 1949 (29 L.P.R.A. § 183).

■ Pursuant to this Act the compensation lies when the employee affected is discharged from his position without just cause, but the discharge need not be necessarily express.

■ The voluntary and arbitrary actions of an employer tending to compel an employee to abandon his position, constitute a discharge where the only reasonable alternative left to the employee is the abandonment of the position. Was there an implied discharge in the case of plaintiff herein?

The decision of the District Court as well as that of the Superior Court are grounded on two erroneous premises to wit: (1) that defendant offered plaintiff an inferior position in category, salary, and working conditions, and (2) that the latter was substituted by new employees.

■ The evidence establishes that by virtue of the recommendation of Clairol, Inc., of New York, the position of beauty-culture instructor or demonstrator which plaintiff occupied with defendant was substituted by that of cosmetic saleswoman. This new position was offered to plaintiff with a salary of $50 weekly, $100 monthly for automobile expenses, assigning her a minimum-sales quota of $2,000 monthly, 2% commission on sales in excess of $2,000 and 1% commission on all the collections made by her.

Plaintiff demanded a salary of $100 weekly which was the salary she received as beauty-culture instructor. When she refused to accept the position as cosmetic saleswoman

defendant appointed another person for said position. Plaintiff was not substituted in the position of beauty-culture instructor or cosmetics demonstrator as it appears from the decision appealed from. In the reorganization of defendant's business the position of beauty-culture teacher or cosmetics demonstrator, which was occupied by plaintiff was eliminated and that of cosmetic saleswoman was created instead. The evidence also shows that the salary assigned to the new position would be the same or higher than that of the position eliminated, and furthermore it would be more convenient for plaintiff.

From these facts it cannot be inferred, as it was erroneously decided by the lower courts, that plaintiff was discharged from her work.

The judgment on review will be reversed and another rendered instead dismissing the complaint.